IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Befco Manufacturing Company,   )
                               )
         Plaintiff,            )
                               )
                               )
    v.                         )  No. 13 C 7808
                               )
IST Industries, Inc., and      )
James Broad                    )
                               )
         Defendants.           )
                               )

MEMORANDUM OPINION AND ORDER

In this action, plaintiff asserts claims of unfair competition and false designation of origin under the Lanham Act; misappropriation of trade secrets under the Illinois Trade Secrets Act; and common law breach of fiduciary duty. Defendants moved for abstention and a stay of these proceedings under *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976), arguing that they are parallel to an ongoing case plaintiff filed in Illinois state court in October of 2011. In the course of analyzing the motion to stay, I became concerned that I may lack subject matter jurisdiction pursuant to *International Armor & Limousine Co. v. Moloney Coachbuilders*, Inc., 272 F.3d 912 (7th Cir. 2001) and directed the parties to brief the issue. Not surprisingly, their submissions reveal a

disagreement over whether jurisdiction is proper. Having considered their respective arguments and reviewed the case law from this circuit and others, I conclude that jurisdiction is lacking and dismiss the case for the reasons explained below.

I.

Plaintiff's complaint alleges that on July 7, 2010, it entered into an Asset Purchase Agreement (the "Agreement") pursuant to which it acquired all of the assets of a company called Midwest Imperial Steel Fabricators, LLC, ("MISF"), including all of that company's intellectual property. Plaintiff claims that per the Agreement, it bought a "family of trade names, trademarks and domain names that utilized the designation 'Imperial.'" Cmplt. at ¶¶ 9-10. This includes the designations Midwest Imperial, Imperial Steel Tank, logos featuring a crown, and the Internet domain name www.midwestimperial.com. Cmplt. at ¶¶ 10-11. Plaintiff refers to this intellectual property collectively as the "Imperial Designations." *Id*. at ¶ 11.

The complaint attaches the Agreement, which identifies plaintiff, as Buyer, and Phillip Firrek, assignee for the benefit of MISF's creditors, as Seller. Cmplt., Exh. A, at 1. In support of its ownership allegations, plaintiff points to section A of the Agreement, captioned "ASSETS TO BE SOLD," which recites:

>     A. The Seller will sell substantially all of the assets of MISF in a single lot "AS IS WHERE IS" basis and without express or implied warranties. The assets of MISF include the assets of IST Industries, Inc., d/b/a/ Imperial Steel Tank. The assets to be sold shall include:
>     …
>     > (iii) The right to unlimited use of all corporate trade and assumed names, telephone numbers and fax numbers, all internet domain names, any and all intellectual property of Seller, and the right to use Seller's logo, to both MISF and IST Industries, Inc., d/b/a/ Imperial Steel Tank.

Cmplt., Exh. A, at 2.

The complaint goes on to allege that immediately after the Agreement took effect, defendants "began doing business as IST and began using identical and confusingly similar trade names to [plaintiff]'s Imperial Designations," including on the website www.imperialsteeltank.com, which was nearly identical to plaintiff's site. *Id.* ¶¶ 13-14. Plaintiff claims that this conduct violates the Lanham Act and seeks actual and treble damages, plus interest, as well as exemplary and punitive damages, attorneys' fees, and costs.

In support of their motion for abstention and a stay, defendants argued that plaintiff's federal claim presents substantially the same issues as plaintiff's state action. Defendants attached plaintiff's amended complaint in the state case, dated October 17, 2012, as well as defendants' respective answers and affirmative defenses to plaintiff's claims in that action. The amended complaint includes allegations that the

Agreement transferred to plaintiff "substantially all of the assets of MISF in a single lot [which] shall include the assets of IST Industries, Inc., d/b/a Imperial Steel Tank," and specifically including "any and all intellectual property of Seller, and the right to use Seller's logo, to both MISF and IST Industries, Inc., d/b/a Imperial Steel Tank." The amended complaint goes on to allege that defendants (and others) breached the Agreement by "continu[ing] to operate internet domain names owned by Plaintiff, including www.imperialsteeltank.com." Def.'s Mem., Exh. 1 at ¶¶ 26, 27, 81. *See also id*. at ¶¶ 76-78. (DN 6-1). Defendants' answers and affirmative defenses admit that the Agreement purports, on its face, to transfer ownership of IST's assets to plaintiff. Defendants allege, however, that MISF and IST were distinct corporate entities at the time of the Agreement, and that the Seller, as assignee of MISF's assets for the benefit of MISF's creditors, was not authorized to sell ISP's assets. Def.'s Mem., Exhs. 2, 3 (DN 6-2, 6-3). Defendants also assert that plaintiff's post-sale conduct waived its breach of contract claim.

In their motion to stay, defendants argued that the state court pleadings reveal that the "focal point of both cases is the Agreement for the sale of Midwest's assets and whether the Agreement operated to transfer ownership of Imperial Steel's

4

assets." Def.'s Mem., 6. Similarly, in their supplemental brief addressing jurisdiction, defendants argue that "[t]he real issue here is a determination of what property was transferred pursuant to the Agreement." Def.'s Supp. Mem., 5.

Plaintiff, for its part, insists that its trademark claims are not derivative of its contract claim, and that *Int'l Armor* does not control. In plaintiff's view, the trademark rights asserted in this action flow from plaintiff's undisputed ownership of the Midwest Imperial trademark and crown logo, not from its contested ownership of the accused Imperial Steel trademark and crown logo. Accordingly, plaintiff reasons, resolution of the contract dispute will not dispose of its trademark claim. Moreover, plaintiff seeks remedies not available under the state law of contracts.

## II.

My duty "to police the constitutional and statutory limitations" on my jurisdiction requires me to review the pleadings for jurisdictional defects, regardless of whether the parties raise the issue. *Joyce v. Joyce*, 975 F.2d 379, 386 (7th Cir. 1992) ("Prompt, sua sponte recognition of flaws in subject matter jurisdiction is commendable.") In cases such as this, where the complaint is formally sufficient (i.e., it articulates a claim facially arising under federal law), but it appears that "there is *in fact* no subject matter jurisdiction," the plaintiff

5

bears the burden of establishing jurisdiction, and I am free to consider the evidence bearing on jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012)) (original emphasis).

"A lawsuit does not come within the federal question jurisdiction of 28 U.S.C. § 1331 where the only serious dispute is how an agreement allocates ownership rights in a trademark." *Airoom LLC v. Demi & Cooper, Inc.*, No. 09 C 4205, 2011 WL 37836, *2 (N.D. Ill. Jan. 5, 2011) (Gottschall, J.) (citing *Int'l Armor*, 272 F.3d at 916). In *Int'l Armor*, the Seventh Circuit examined the contours of Article III "arising under" jurisdiction in the context of a claim styled as a trademark dispute but grounded in a contractual agreement. The court observed that:

> Many federal statutes create property rights that may become the subject of ownership disputes: copyright law, patent law, trademark law, and a score of licensing systems. Any fight about ownership could be recharacterized as a claim for redress under federal law.

*Int'l Armor*, 272 F.3d at 914. Nevertheless, the court concluded that trademark suits that are "entirely derivative of" contract issues do not fall within federal courts' original jurisdiction. *Id.* at 916. *See also Fox v. iVillage*, No. C-05-3327 SC, 2005 WL 3157413, *2 (N.D. Cal., 2005) ("The Lanham Act establishes

6

marketplace rules governing the conduct of parties not *otherwise limited*....If a contract is in place, it governs.") (Original emphasis) (quotation marks and citation omitted)).

As I explained in my previous order, the gravamen of plaintiff's federal claim is that defendants are competing with it unlawfully by featuring, on the website www.imperialsteeltank.com and elsewhere, trademarks and trade names that are the same as, or confusingly similar to, the "Imperial Designations" plaintiff acquired pursuant to the Agreement. Defendants argue that although this claim ostensibly arises under the Lanham Act, because its success or failure ultimately turns on the interpretation and validity of the Agreement, it exemplifies the kind of "artful pleading" the Seventh Circuit eschewed in *Int'l Armor*. Defendants argue that the complaint in this case, like the one in *Int'l Armor*, "alerts the district court to the contractual foundation" of the claim. 272 F.3d at 917. Defendants note that plaintiff's substantive allegations open with three paragraphs explicating the Agreement and the rights it purports to convey, reinforcing that its trademark claim is "anchored" in the Agreement.

I agree that the fundamental dispute emerging from the parties' submissions is the validity and scope of the Agreement. Neither of plaintiff's arguments to the contrary—that plaintiff's ownership of the "Midwest Imperial" and "Midwest

Imperial Steel Fabricators" trademarks and logo is not contested in the contract dispute, and that plaintiff seeks remedies under the Lanham Act that are not available under contracts law—places the case outside *Int'l Armor*'s reach.

Plaintiff's first argument crumbles under scrutiny, as the putative "difference between the asserted trademarks and the accused trademarks" is illusory. While the parties indeed agree that the Agreement validly conveyed ownership of the intellectual property belonging to MISF, including the marks and logos plaintiff asserts here, the scope of that conveyance—specifically, whether it also included the accused marks and logos—is precisely the issue in the contracts action. On its face, the Agreement expressly contemplates that IST's intellectual property, including its logo and Internet domain names, are within the scope of the transferred assets. But if the provisions purporting to transfer IST's intellectual property are determined to be invalid, then IST retained the right to use the marks, logos, and domain name plaintiff challenges under the Lanham Act.

Moreover, plaintiff's characterization of the trademarks it asserts as "different" from the ones it accuses is inconsistent with its complaint, which both asserts and challenges the "Imperial Designations" it purchased in the Agreement. Cmplt.

8

at ¶¶ 11-12, 18-19.[1] Resolution of the contracts dispute will determine which party owns the rights to which of the various marks, logos, and designations included within plaintiff's asserted "family of trade names, trademarks and domain names that utilized the designation 'Imperial.'" Cmplt. at 11. Then, as in *Int'l Armor*, "[w]hichever side owns the marks may use them, and whichever side does not own them is at risk under the Lanham Act as well as the law of contract." 272 F.3d 912. *See also DeliverMed Holdings, LLC v. Schaltenbrand*, Nos. 10-cv-684-JPG-DGW and 10-cv-685-JPG-DGW, 2011 WL 2134343, *3 (S.D. Ill. May 27, 2011) ("If the joint venture agreement existed and transferred DeliverMed's marks to Medicate, Medicate owns the marks. If the agreement did not exist or did not transfer the marks, DeliverMed owns them, and Medicate's use of those marks violates the Lanham Act.").

Plaintiff's second argument—that its Lanham Act claim provides remedies not available under contract law—is rooted in the court's speculation, in *Int'l Armor*, that a claim "might arise under federal law even though all dispositive issues depend on state law if the remedies differ." *Id*. at 916. But

---

[1] This characterization is further belied by the screen shots plaintiff includes in its complaint, which reveal that the asserted and accused websites containing the "Imperial Designations" are, in most every respect, identical, right down to their text. For illustrative purposes, I include plaintiff's screen shots at the end of this decision.

plaintiff cites no case in which any court has asserted subject matter jurisdiction on that basis. Indeed, courts here and elsewhere have explicitly declined to assert federal jurisdiction over what is essentially a contract dispute on the basis that federal law provides unique relief. *See Gibraltar, P.R., Inc. v. Otoki Group, Inc.*, 104 F.3d 616, 619 (4th Cir. 1997) (no jurisdiction over plaintiff's request for an injunction against the defendant's future use of disputed trademarks, as "[a] dispute does not invoke federal jurisdiction simply because the plaintiff seeks a remedy that happens to be available in a federal statute"); *Airoom*, 2011 WL 37836, *3 (declining to exercise jurisdiction based on the above dictum in *Int'l Armor*); *Moog Controls v. Moog, Inc.*, 923 F. Supp. 427, 430 (W.D.N.Y. 1996) ("[f]ederal jurisdiction does not lie simply because relief is requested under the Declaratory Judgment Act."). Others have dismissed for lack of jurisdiction despite the plaintiff's request for relief available only under its Lanham Act claims. *See Mindy's Restaurant, Inc. v. Watters*, No. 08 C 5448, 2009 WL 1606982 (N.D. Ill. June 9, 2009) (Der-Yeghiayan, J.) (dismissing pursuant to *Int'l Armor*, despite the plaintiff's request for attorneys' fees pursuant to the Lanham Act). Plaintiff offers no reasoned basis for departing from the prevailing view that the existence of relief available only under the Lanham Act does not, in itself, transform a garden-

variety contract dispute into a claim "arising under" federal law.

III.

For the foregoing reasons, plaintiff's complaint is dismissed.  Defendants' motion to stay is denied as moot.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 7, 2014

Website allegedly operated by plaintiff:



12

Website allegedly operated by defendants:

